UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TAHOE AVIATION, LLC, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DOUGLAS COUNTY et al., )<br>)<br>Defendants. )<br> ) | No.: 3:15-cv-00162-RCJ-WGC<br><br>ORDER |

This case arises out of the sale of an aircraft hangar later declared void under state law by a state court. Pending before the Court is a Motion to Dismiss (ECF No. 14). For the reasons given herein, the Court grants the motion, dismissing the federal claims with prejudice and declining to exercise supplemental jurisdiction over the state law claims.

I.  **FACTS AND PROCEDURAL HISTORY**

On August 1, 2013, Plaintiff Tahoe Aviation, LLC and Defendant Douglas County executed a Personal Property Sale Agreement for Plaintiff to purchase an erected but unfinished aircraft hangar (the "Hangar") at 2323 P-51 Court, Minden, Nevada for $250,000. (Compl. ¶¶ 12–21, ECF No. 1). On or about August 30, 2013, competing companies filed petitions for writ of mandamus in state court, asking the state court to void the sale of the Hangar and an attendant lease agreement, because as a fixture to realty the Hangar could not be sold under state

law except via public bidding process, and the state court issued the requested writ, noting that the sale and lease were void for lack of certain public notices and procedures under state law. (*Id.* ¶¶ 38–40; Order, ECF No. 1-4).  On September 25, 2014, the state court denied petitioners' motion to force an auction of the Hangar, noting that Douglas County had no duty to sell the Hangar—the court had merely voided an illegal sale of the realty, and a then-impending new lease had apparently been amended to remove any sales of realty. (Compl. ¶¶ 41–42; Order, ECF No. 1-5).  On October 3, 2013, the parties entered into the Hangar Development & Land Lease for Plaintiff to lease the relevant land for 40 years and develop the Hangar. (*Id.* ¶¶ 22, 24). Plaintiff alleges that Douglas County now demands that Plaintiff execute a separate lease agreement for the Hangar in addition to the Hangar Development & Land Lease, despite the fact that the Hangar is a fixture to the land already leased. (*See id.* ¶ 43).

      Plaintiff sued Defendants in this Court for two violations of the Fourteenth Amendment under 42 U.S.C. § 1983 and on ten state law contract and tort claims.  Defendants have asked the Court to dismiss the federal claims and decline supplementary jurisdiction over the state law claims

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for

failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

     A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), but also must allege the facts of his case so that the court can determine whether the plaintiff has any basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review). Put differently, *Conley* only required a plaintiff to identify a major premise (a legal theory) and conclude liability therefrom, but *Twombly-Iqbal* requires a plaintiff additionally to allege minor premises (facts of the plaintiff's case) such that the syllogism showing liability is logically complete and that liability necessarily, not only possibly, follows (assuming the allegations are true).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

**III.   ANALYSIS**

Defendants ask the Court to dismiss the federal claims for failure to state a claim and to decline jurisdiction over the state law claims under 28 U.S.C. § 1367(c)(3). As to the substantive due process claim, Douglas County's error in selling the hangar outside of the statutorily mandated public bidding process as required by state law does not "shock the conscience" as to Plaintiff, the private buyer. *See, e.g.*, *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008). At most, it might shock the conscience as to other potential bidders. Nor do Douglas County's alleged efforts to deny or renegotiate the contract shock the Court's conscience. The judicial voidance of the sale of the hangar has presumably fundamentally changed the nature of the lease agreement in a way that the parties did not expect when the contract was entered into. Douglas

County's attempts to reform the contract under these circumstances, whether or not appropriate under state law, do not shock the conscience of the Court in the constitutional sense. As Defendants note, the due process claim is an attempt to recast the state law contract and/or tort claims elsewhere pled as constitutional violations. The Court agrees that Plaintiff raises serious concerns under the common law of contract, but those claims do not rise to the level of substantive due process violations.

Nor has Plaintiff stated a colorable procedural due process claim, and amendment would be futile.[1] Plaintiff argues that by dishonoring the lease, Defendants have deprived Plaintiff of property rights without due process of law. At least one court of appeals has rejected a procedural due process claim under similar circumstances:

> As for procedural due process, the Fourteenth Amendment's Due Process Clause affords state citizens with the right to notice and an opportunity to be heard before being deprived of "property" as defined by state law. Taake used the words "procedural due process" in his complaint, but the remedies he seeks belie any suggestion that Taake is interested in notice and a hearing on the County's decision not to sell him the land. The only remedies Taake desires are for the alleged breach of contract: damages, specific performance of the land sale, and an injunction prohibiting the County from transferring or disposing of the land in a manner that violates the purported contract. Taake wanted the land—not a hearing at which the County would give Taake an opportunity to contest the County's decision not to sell him the land.

*Taake c. Cnty. of Monroe*, 530 F.3d 538, 543 (7th Cir. 2008) (citation omitted). The same is true here. Plaintiff does not in the Complaint demand a hearing or even argue that any hearing procedure is applicable. Plaintiff simply demands damages and injunctive relief for the alleged breach of contract and other state law torts. And the Supreme Court has ruled more generally that where state law "makes ordinary judicial process available to [resolve a] contractual dispute, that process is due process." *Lujan v. G&G Fire Sprinklers, Inc.*, 532 U.S. 189, 197 (2001).

---

1 Plaintiff argues a procedural due process violation in opposition to the present motion, although the Court can find no such claim in the Complaint.

As to the equal protection claim, the class identified is tenants of Douglas County airport property, and the categories within that class according to which Douglas County has allegedly discriminated are those whose leases the County has respected versus those whose leases the County has challenged.[2]  The distinction implicates no suspect- or quasi-suspect class and no fundamental constitutional right, so the level of scrutiny to be applied is rational basis. *See, e.g.*, *Clements v. Fashing*, 457 U.S. 957, 963 (1982).  Under rational basis review, a court does not judge the perceived wisdom or fairness of a law, nor does it examine the actual rationale for the law when adopted, but asks only whether "there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *Heller v. Doe*, 509 U.S. 312, 319–20 (1993) (quoting *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993)).  Those challenging a law on rational basis grounds "have the burden to negat[e] every conceivable basis which might support it." *Diaz v. Brewer*, 676 F.3d 823, 826 (9th Cir. 2012) (O'Scannlain, J., dissenting from order denying rehearing en banc) (quoting *Beach Commc'ns*, 508 U.S. at 315 (quoting *Lehnhausen v. Lake Shore Auto Parts Co.*, 410 U.S. 356, 364 (1973))) (alteration in *Diaz*; internal quotation marks omitted).  The question of rationality is a matter of law for which a state need not provide evidence but may rely on speculation alone. *Heller*, 509 U.S. at 320.

Plaintiff alleges that Defendants have denied the validity of the Lease but have not denied the validity of other airport tenancies.  But Plaintiff is not similarly situated with other tenants such that there is no rational basis for the County to discriminate between them.  Plaintiff, unlike other tenants, has had the purchase of a realty fixture on its leasehold judicially voided such that the overall purpose of the transaction is affected in a way the parties did not intend or anticipate.

---

[2] In its opposition, Plaintiff also argues under a "class of one" theory.  The Court finds that resort to that theory is unnecessary, as the categories described, *supra*, are sufficiently identified in the Complaint.

Douglas County's attempts to deny or reform the lease contract—whether or not it is ultimately appropriate under state law—is not constitutionally infirm in light of the judicial voidance of the attendant sale of the Hangar. These circumstances provide the County with a rational basis (in the constitutional sense) for treating Plaintiff differently from tenants whose contracts with the County have not been judicially disrupted.

Finally, Plaintiff argues that Count X implicates federal law because it alleges negligence per se based on a violation of federal regulations. First, negligence per se is not a separate cause of action but a legal theory whereby a plaintiff can establish a breach of the duty of care simply by establishing that a defendant has violated a law or regulation that was designed to protect a class to which the plaintiff belongs and to prevent the type of harm the plaintiff alleges the defendant caused. In such a case, the defendant's actions are deemed to have been unreasonable as a matter of law, and only causation and damages are left for trial. Negligence per se is a legal issue attendant to a negligence claim to be raised in a motion for summary judgment or for judgment as a matter of law.

Second, although the Court will not rule directly on the claim, the negligence claim upon which the negligence per se theory is based is facially untenable, and amendment would be futile. This is a contract action, not a negligence action. There is no allegation of personal injury or damage to property, and in Nevada there is no hybrid cause of action for "negligent performance of a contract" resulting in purely economic harm. The economic loss doctrine maintains the line between contract and tort by preventing recovery of contractual damages based upon a tort theory. Tort liability under a negligence theory is not available where a contract governs the relationship between the parties and there is no personal injury or property damage. *See Terracon Consultants W., Inc. v. Mandalay Resort Grp.*, 206 P.3d 81, 87 (Nev.

2009) ("The economic loss doctrine draws a legal line between contract and tort liability that forbids tort compensation for certain types of foreseeable, negligently caused, financial injury. The doctrine expresses the policy that the need for useful commercial economic activity and the desire to make injured plaintiffs whole is best balanced by allowing tort recovery only to those plaintiffs who have suffered personal injury or property damage." (citation and internal quotation marks omitted)).

The Court dismisses the § 1983 claims on the merits, without leave to amend, and declines jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3).

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 14) is GRANTED. The federal claims are DISMISSED with prejudice, the state law claims are DISMISSED without prejudice, and the Clerk shall close the case.

IT IS SO ORDERED.

Dated this 1st day of June, 2015.

_____
ROBERT C. JONES
United States District Judge